IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

SHAKAA DANIEL MUHAMMAD
AL-ZULU, # 41523A a/k/a
CARL DANIEL LOCKETT                                                                          PLAINTIFF

VS.                                                       CIVIL ACTION NO.  4:09cv176-FKB

GEO GROUP, ET AL.                                                                          DEFENDANTS

MEMORANDUM OPINION AND ORDER

The Court held an omnibus hearing[1] in this matter, at which time it conferred with Plaintiff and counsel for Defendants in this suit founded upon 42 U.S.C. § 1983.  At that hearing, the parties consented to have a United States Magistrate Judge conduct any and all further proceedings in the case and order the entry of final judgment, and the District Judge subsequently entered an order of reference.  28 U.S.C. § 636(c); Fed. R. Civ. P. 73.  Al-Zulu is proceeding in this matter *in forma pauperis* and *pro se*.

Pending before the Court are Defendants' Motion for Summary Judgment (Docket No. 44), a memorandum in support thereof, and related exhibits.  Plaintiff has failed to respond to the Motion for Summary Judgment.  For the reasons explained in this Memorandum Opinion and Order, the Court grants summary judgment in favor of Defendants. Accordingly, this matter is dismissed, and a separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

I.  Plaintiff's Claims

Plaintiff is a convicted inmate who, at all times relevant to the claims in this action, was

---

[1] See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

housed at East Mississippi Correctional Facility ("EMCF").  The Court has issued process as to Defendants GEO Group, Inc., Warden Bart Grimes, Major Robert Grubbs, Lt. Unknown Adams, Dr. Unknown Abangan, Lt. M. Rice, Unit Manager Unknown Reese, Corrections Officer D. Hersey, and John Doe, Psych Doctor. In his voluminous complaint, amended complaint, and various filings, Plaintiff alleges that Defendants denied his constitutional rights on a number of separate occasions. In sum, and based on Plaintiff's multiple pleadings (Docket Nos. 1, 18, and 20),  Plaintiff alleges the following claims:

> 1. denial of medical attention for his finger and headaches;
>
> 2. excessive force related to an incident in April 2009 for which EMCF issued an RVR;
>
> 3. denial of his due process rights related to the same RVR issued in April 2009;
>
> 4. confiscation of property in April 2009;
>
> 5. confiscation of property in October 2009; and
>
> 6. conditions of confinement related to his time in lockdown in April 2009, and

continuing to other times he was in lockdown after that date.

In addition, at the Omnibus Hearing Plaintiff alleged that the same Defendants subjected him to excessive force on an unspecified date in 2010 and denied him psychological medical attention.

As relief, Plaintiff requests reimbursement for court costs, removal of RVRs from his record, reinstatement of B custody status, demotions and firings of certain defendants, and that various defendants be "fined."  Docket No. 18 at 4 - 5.  In the Omnibus Hearing and in his Complaint, Plaintiff freely admitted that he failed to exhaust administrative remedies as to some of these claims before he filed this action.  During the Omnibus Hearing, he also stated that he

wished to drop other claims, which will be discussed later in this opinion.

## II.  Relevant Standards

Rule 56 of the Federal Rules of Civil Procedure states, in relevant part, that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue of fact is genuine if the "'evidence is sufficient to permit a reasonable factfinder to return a verdict for the nonmoving party.'" Lemoine v. New Horizons Ranch and Center, 174 F.3d 269, 633 (5th Cir. 1999)(quoting Colston v. Barnhart, 146 F.3d 282, 284 (5th Cir.), cert. denied, 119 S.Ct. 618 (1998)). Issues of fact are material if "resolution of the issues might affect the outcome of the suit under governing law." Lemoine, 174 F.3d at 633. "Federal summary judgment procedure requires the court to 'pierce through the pleadings and their adroit craftsmanship to reach the substance of the claim.'" Hicks v. Brysch, 989 F.Supp. 797, 806 (W.D. Tex. 1997)(citing Tacon Mech. Contractors v. Aetna Cas. and Sur. Co., 65 F.3d 486, 488 (5th Cir. 1995)). The Court does not, "however, in the absence of any proof, assume the nonmoving [or opposing] party could or would prove the necessary facts." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc)(emphasis omitted). Moreover, the non-moving party's burden to come forward with "specific facts showing that there is a genuine issue for trial," Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986), is not satisfied by "conclusory allegations" or by "unsubstantiated assertions," or by only a "scintilla" of evidence. Little, 37 F.3d at 1075.

### A.  Exhaustion

Defendants have moved for summary judgment on the basis that Plaintiff has failed to exhaust his administrative remedies with regard to all of his claims before he filed this action. Indeed, according to the undisputed records submitted by Defendants, as well as Plaintiff's Complaint (Docket No. 1, Docket No. 18 at 3) and Omnibus Hearing testimony, it appears that Plaintiff failed to exhaust his administrative remedies before filing this action. In fact, it appears that Plaintiff withdrew one ARP, EMCF 09-1372. Docket No. 44-1 at 24. He also filed this action before completing the administrative remedy process on EMCF 09-1432 and EMCF 10-422. Docket No. 44-1 at 2. The foregoing requests for administrative remedies constitute all the administrative remedy requests filed by Plaintiff between 2009 and March 2010, the time period preceding and after he filed this action, and the time period during which all of the events transpired, as alleged in his complaint and amended complaints. Docket Nos. 1, 18, 20, 44-1 at 2.

Plaintiff ignores statutory and case law which requires a prisoner to exhaust administrative remedies, regardless of the relief sought. The relevant portion of 42 U.S.C.§ 1997e, as amended by the Prison Litigation Reform Act of 1995 (PLRA) states, as follows:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a)(Supp. 2000).

In Booth v. Churner, 532 U.S. 731 (2001), the Supreme Court held that 42 U.S.C. § 1997e, revised as a part of the PLRA, requires an inmate to exhaust administrative remedies before bringing an action with respect to prison conditions, regardless of the relief offered through administrative procedures. Booth, 532 U.S. at 741. More recently, the United States Supreme Court held that the PLRA's exhaustion requirement is mandatory and applies to all

inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. See Porter v. Nussle, 534 U.S. 516 (2002); see also Jones v. Bock, 549 U.S. 199 (2007)(reaffirming that exhaustion is mandatory; stating that it is an affirmative defense).

     Plaintiff admits that he has not exhausted his administrative remedies prior to bringing this suit, as is required by the PLRA.  Furthermore, he does not allege that he suffered from any ailment which prohibited him from pursuing administrative remedies. See Ferrington v. Louisiana Department of Corrections, 315 F.3d 529 (5th Cir. 2002)(Plaintiff-inmate's blindness did not excuse him from exhausting administrative remedies.); see also Days v. Johnson, 322 F.3d 863 (5th Cir. 2003)(excusing non-exhaustion of administrative remedies because of physical injury and subsequent rejection of grievance due to untimeliness).  Moreover, his request for monetary damages is not exempt from exhaustion. Porter v. Nussle, 534 U.S. at 524 ("Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit.").   Exhaustion is now mandatory, "irrespective of the forms of relief sought and offered through administrative avenues." Booth v. Churner, 532 U.S. at 739.

     The following are claims for which Plaintiff fails to provide any proof that he pursued any type of administrative remedy:

     1. Denial of medical attention as to his finger, headaches, and psychological treatment;

     2. Excessive force related to an incident that occurred in April 2009 for which EMCF issued an RVR, and any claims for denial of medical attention related thereto;

     3.  Confiscation of his property in October 2009;

     4.  Conditions of confinement claims based on alleged denial of toiletry items and

clothing related to his time in lockdown in April 2009, and continuing thereafter;

     5. Excessive force related to an incident that occurred on an unspecified date in 2010.

In addition, Plaintiff withdrew an administrative remedy EMCF 09-1372 on December 2, 2009, that related to claims for confiscation of property in April 2009.  Docket No. 44-1 at 24.  Thus, Plaintiff did not exhaust his administrative remedies as to the claims alleged in administrative remedy EMCF 09-1372.

Furthermore, the requests for administrative remedy that Plaintiff failed to exhaust prior to filing this action, but which he exhausted *after* he filed this action, are EMCF 09-1432 and EMCF 10-422.  EMCF 09-1432 alleged denial of due process and subsequent loss of custody status related to an incident that occurred on April 9, 2009, for which he was given an RVR.  There are no allegations regarding the use of force or denial of adequate medical attention in EMCF 09-1432.  EMCF 10-422 alleged conditions of confinement claims limited to the denial of cleaning supplies for his shower while he was in administrative detention in April 2009 and continuing thereafter for an unspecified period of time.  There are no allegations regarding the denial of toiletry items and clothing in EMCF 10-422 during April 2009 and continuing for an unspecified period of time.

Accordingly, because Plaintiff failed to exhaust administrative remedies on any of his claims before filing this action, summary judgment should be granted in favor of Defendants, and this entire action should be dismissed without prejudice.

### B. Merits of the Claims

The Defendants have provided proof that Plaintiff completed the ARP process, and thus, exhausted his administrative remedies, on some of his claims *after* he filed the lawsuit.

Therefore, for the reasons described above, this action should be dismissed. Nevertheless, in an abundance of caution, the Court will address the merits of the claims against Defendants for those claims that Plaintiff exhausted *after* he filed this action. In addition, the Court will review claims that the Plaintiff voluntarily dismissed at the Omnibus Hearing. Except as specifically noted below, the Court will not address claims for which there is no record that the Plaintiff attempted to pursue administrative remedies.

Having considered Plaintiff's testimony at the Omnibus Hearing, as well as the filings in the case, the Court finds that Plaintiff's remaining claims should be dismissed with prejudice. The Court will address Plaintiff's claims, in turn.

### 1. Denial of Medical Attention

In one of his amended complaints, Docket No. 18 at 1, Plaintiff alleges that Dr. Abangan denied him adequate medical treatment as to his finger, for headaches, and psychological issues. He also alleged a denial of mental health treatment by an unknown, unnamed doctor. Docket No. 20 at 2. There is no record of any type of administrative remedy as to these claims. At the Omnibus hearing, however, Plaintiff stated on the record that he wished to dismiss these claims because he was receiving treatment for these conditions. Accordingly, these claims are dismissed with prejudice.

### 2. Claims Against Defendant Hersey

At the Omnibus Hearing, Plaintiff stated that because Defendant Hersey is now deceased, he would dismiss his claims against her. Plaintiff had originally alleged a claim of excessive force against Hersey based on the April 2009 incident for which he was issued an RVR. The Court granted that request on the record, and now the Court dismisses all claims against

Defendant Hersey.

### 3.  Claims in EMCF 09-1432

In Plaintiff's original "Request for Administrative Remedy" 09-1432, his complaint was that he was allegedly denied copies of the detention notice, witness statements, investigative reports, and medical reports related to the incident of April 13, 2009, for which he was given an RVR and placed in detention. Docket No. 44-1 at 28. The main thrust of his complaint, as he maintained throughout the administrative remedy process, was that he never received his detention notice, nor was there an investigation into the incident. Id. at 29.  In his administrative remedy documents, he did not complain about the force used against him, nor any denial of medical treatment.  Indeed, at each of the three steps in the process, the officials who responded to his administrative remedies addressed the request as he had framed it, as a grievance requesting documents.  Id. at 31, 35, 38, and 39.  Accordingly, the Court construes these documents as demonstrating that Plaintiff exhausted his administrative remedies as to due process claims relating to the RVR issued in April 2009.  However, these documents make clear that Plaintiff failed to exhaust administrative remedies, and thus he failed to give state officials the opportunity to address any of his claims regarding the use of force and denial of medical treatment related to the RVR issued in April 2009.  Accordingly, for the reasons outlined in Section A above, the Court declines to address any claims for denial of medical attention or excessive force related to the April 13, 2009, incident, and Defendants are entitled to summary judgment on these claims.

As to his claims for relief regarding denial of due process and loss of B custody status, these claims fail to rise to the level of constitutional violations.  According to Heck v.

Humphrey, 512 U.S. 477 (1994),

> [i]n order to recover damages for allegedly unconstitutional conviction or imprisonment or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Heck, 512 U.S. at 487-88. Claims based on the manner in which the RVR was investigated and the resulting "conviction" of the RVR cannot be reviewed by this Court. Al-Zulu has failed to assert or present proof that his "conviction" on the RVR has been invalidated, and a favorable judgment on Plaintiff's civil claims for constitutional violations and any monetary damages in this case would necessarily imply the invalidity of his RVR. Because the undersigned finds that these claims are Heck-barred, Defendants are entitled to judgment on this basis.

Plaintiff, furthermore, cannot maintain a §1983 action based on the loss of his B-custody status. "Under Wilson v. Budney, 976 F.2d 957 (5th Cir. 1992), a prison inmate does not have a protectable liberty or property interest in his custodial classification and an inmate's disagreement with a classification is insufficient to establish a constitutional violation." Neals v. Norwood, 59 F.3d 530, 533 (5th Cir. 1995). Because the plaintiff relies on a "legally nonexistent interest, any alleged due process or other constitutional violation arising from his classification is indisputably meritless." Harper v. Showers, 174 F.3d 716, 719 (5th Cir. 1999) (a Mississippi case). Accordingly, Plaintiff's claim based on the loss of his B-custody status is not cognizable, and is hereby dismissed.

### 4.  Claims in EMCF 10-422

In Plaintiff's request for administrative remedy EMCF 10-422, filed June 15, 2009, Plaintiff complained about unsanitary or dirty showers. Docket No. 44-1 at 42 and 44. He failed to make any other complaints that could be construed as alleging additional conditions of confinement claims. Accordingly, the Court construes these documents to demonstrate that Plaintiff exhausted his administrative remedies as to claims regarding the showers. The documents, however, make clear that Plaintiff failed to exhaust any other claims regarding denial of toiletry items and clothing during April 2009 and continuing thereafter for an unspecified period of time. Thus, Plaintiff has failed to give state officials the opportunity to address any claims regarding these alleged conditions. Accordingly, because Plaintiff has failed to exhaust his administrative remedies, as explained in Section A above, the Court declines to address the claims of denial of toiletry items and clothing during April 2009 and continuing thereafter for an unspecified period of time, and Defendants are entitled to summary judgment on these claims.

As to his claim of dirty showers, however, the Court finds that this claim fails to rise to the level of a constitutional violation. Plaintiff failed to "show that the risk of which he complains is 'so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk.'" Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998) (quoting Helling v. McKinney, 509 U.S. 25, 36 (1993)). Furthermore, not only is this claim vague and unsupported, but Plaintiff fails to show that he was injured by this alleged condition. An actual injury is required to state a constitutional claim. See Lewis v. Casey, 518 U.S. 343, 351 (1996). "Without an allegation of a more than *de minimis* physical injury," a prisoner plaintiff's complaint lacks any merit. Harper v. Showers, 174 F.3d 716, 719 (5th Cir. 1999). Accordingly, this claim should be dismissed, with prejudice, as "frivolous."

### III.  Conclusion

Thus, for the reasons stated above, the Court finds that Defendants are entitled to summary judgment on the basis that Plaintiff failed to exhaust administrative remedies.  In addition, the Court concludes that Plaintiff's claims that he exhausted after filing this action fail to rise to the level of a constitutional violation.  Accordingly, as set forth in this Opinion, Plaintiff's claims against Defendants are dismissed in part without prejudice and in part with prejudice.

Furthermore, the Court finds that certain of Plaintiff's claims should be dismissed as "frivolous."  Because this case is dismissed in part pursuant to the Prison Litigation Reform Act and 28 U.S.C. § 1915(e) as "frivolous",  it will be counted as a "strike." See Brown v. Harrison County Cir. Ct., 2007 WL 1306422 (S.D. Miss. 2007)(J. Guirola).  If the plaintiff receives "three strikes" he will be denied *in forma pauperis* status and be required to pay the full filing fee to file a civil action or an appeal.   In accordance with Rule 58 of the Federal Rules of Civil Procedure, a separate judgment will be entered.

SO ORDERED, this the 12th day of March, 2013.

    /s/ F. Keith Ball  
UNITED STATES MAGISTRATE JUDGE